UNITED STATES of America, Plaintiff,

v.

DYNALECTRIC COMPANY, G.W. Walther Ewalt and Kenneth W. Seales, Defendants.

Crim. A. No. 87–00008–O(CS).

United States District Court,
W.D. Kentucky,
Owensboro Division.

Dec. 1, 1987.

John Schmoll, David A. Blotner, Nancy J. Hertel, U.S. Dept. of Justice, Antitrust Div., Washington, D.C., for U.S.

Rodney O. Thorson, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., K. Gregory Haynes, Wyatt, Tarrant & Combs, Louisville, Ky., for Dynalectric Co.

James H. Kelley, McGuire, Woods, Battle & Boothe, Washington, D.C., K. Gregory Haynes, Wyatt, Tarrant & Combs, Louisville, Ky., for G.W. Walther Ewalt.

Maurice M. McDermott, Andrew M. Lawler, New York City, Frank E. Haddad, Jr., Louisville, Ky., for Kenneth W. Seales.

## MEMORANDUM OPINION AND ORDER

SIMPSON, District Judge.

This matter is before the Court on motion by defendants, Dynalectric Company (hereinafter "Dynalectric") and G.W. Walther Ewalt, for permission to plead *nolo contendere* to the charges against them in this indictment pursuant to Rule 11(b), Fed.R.Crim.P.

In the alternative, Dynalectric and Ewalt would have this Court sever them from trial with nonmoving codefendant, Kenneth W. Seales, pursuant to Rule 14, Fed.R. Crim.P.

■ In considering whether to allow the moving defendants to plead *nolo contendere,* the Court must consider whether acceptance of such pleas is, in a general and all-encompassing sense, in the public interest. *United States v. American Bakeries Company,* 284 F.Supp. 864 (W.D.Mich. 1968). In so doing, the Court may consider a number of factors which have been set forth in decisions by numerous other Federal District Courts. *United States v. American Bakeries Company,* 284 F.Supp. 871 (W.D.Mich.1968); *United States v. H & M, Inc.,* 565 F.Supp. 1 (M.D. Pa.1982).

This Court believes that rigid adherence to any laundry list of factors is unwise. Each case and motion must be considered in its own particular context. See *United States v. Brighton Bldg. & Maintenance Co.,* 431 F.Supp. 1118, 1121 (N.D.Ill.1977) (statistics regarding the acceptance or rejection of *nolo contendere* pleas by other Federal Courts should not be considered). Of course, considerations of the Court's own docket and the projected length of trial are irrelevant, except, perhaps, as they might impact the factors considered in *United States v. American Bakeries Company,* 284 F.Supp. 864 (W.D.Mich.1968).

In this case, the Court notes from the pleadings that the alleged violation is singular to the extent that it revolves around a single meeting between electrical contractors alleged to have occurred in New York at LaGuardia Airport in April, 1982. However, this Court is more impressed by the severity of the offense charged than the number of violations committed. Albeit the indictment charges a single instance of bid rigging in connection with a contract for the installation of electrical systems at the D.B. Wilson Power Plant, bid rigging is a *per se* violation of the Sherman Act that goes to the heart of antitrust law. See *H & M, Inc.,* 565 F.Supp. at 2.

Defendants' contention that bid rigging activities have ceased in the last five years must be measured against defendants' involvement in illegal activity prior to cessation and the reasons for the cessation. *Id.* at 2, 3. The instant indictment charges involvement by Dynalectric and Ewalt in an ongoing conspiracy for a period of three years. Although the actual making of the alleged conspiratorial agreement may have occurred in less than a day, any cessation of future agreements did not cease at the impetus of these defendants. Rather, it ended, if at all, due to the investigative efforts of the United States. Although

Dynalectric and Ewalt have already suffered economic setbacks due to the indictment, this Court cannot say that no deterrent effect would be served by a trial of this action. That both defendants were convicted of antitrust violations only last year would mitigate against allowance of *nolo contendere* pleas on the basis of there being no future deterrent effect.

Although the economic impact of the alleged scheme is uncertain at this juncture, the alleged conspiracies involve sizeable amounts of money. The bid in question by Dynalectric Company to Big Rivers Electric Corporation was in excess of $15,000,000.00. In addition, the Court also notes that the victim of the alleged scheme is Big Rivers Electric Corporation, a rural electric cooperative which provides electricity to many thousands of consumers. The financial results of the alleged illegal activity may thus be viewed as having some impact, in the past or in the future, on those consumers, albeit through the filter of the regulatory process.

The United States contends that allowance of the *nolo contendere* pleas would inhibit the deterrent value of an admission or finding of guilt as well as cause additional difficulty to any private litigant who may be aggrieved by the alleged activity and pursue a private cause of action under the Clayton Act. The only identified potential litigant at this time is Big Rivers Electric Corporation.

In *United States v. American Bakeries Company,* 284 F.Supp. 864 (W.D. Mich.1968), Judge Fox analyzed the legislative history of that section of the Clayton Act which allows final judgments or decrees rendered in this type of action to be used as *prima facie* evidence against the same defendants in subsequent private damage actions. He concluded his analysis by recognizing that the existence of treble damages in private enforcement actions must be viewed as a legislatively crafted deterrent to illegal activity. That serves a public as well as private interest. Even though some courts contend that the interests of private litigants is an irrelevant factor in judging the merits of a motion to plead *nolo contendere,* this Court agrees with Judge Fox that such interests are an important consideration though not a controlling one. *Id.* at 868, 869. This is particularly true in the instant action where the potential litigant is a major public utility servicing thousands of individual consumers as opposed to a private commercial litigant whose dealings may impact only its shareholders and its customers may go elsewhere on the market to purchase a given product.

Upon review and consideration of these matters, the Court is of the opinion that to allow pleas of *nolo contendere* in this matter would be contrary to the public interest to be served by this prosecution and the results, if any, which might be obtained through trial. Accordingly, the motions to be permitted to enter *nolo contendere* pleas by Dynalectric Company and G.W. Walther Ewalt are DENIED.

The motions by the defendants for severance require consideration of the potential for juror confusion in light of promised antagonistic defenses between the moving defendants and codefendant, Kenneth W. Seales. *United States v. Vinson,* 606 F.2d 149 (6th Cir.1979). Generally, defendants indicted together will be tried together. *United States v. Gallo,* 763 F.2d 1504 (6th Cir.1985). The promised defenses are neither mutually exclusive nor such as will necessarily mislead or confuse a jury. The fact that a defendant may be more likely to be acquitted if his case is severed likewise is not a compelling reason for severance. *United States v. Gallo,* supra.

Accordingly, the motions for severance are DENIED.